69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles M. BYERS; Sheryl Campanella, a/k/a Sheryl Byers,
Defendants-Appellants.
 No. 94-15659.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1995.*
Decided Oct. 30, 1995.
 
 Before: SNEED, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Byers and Sheryl Byers Campanella appeal the district court's grant of summary judgment in favor of the United States. The United States brought an action for collection of a civil penalty assessed against Byers, Campanella, and Accuracy Systems, Inc., for violations of the Hazardous Materials Transportation Act. The violations occurred when explosives were improperly shipped, but appellants claim that the penalties were improperly imposed upon them. We affirm.
 
 
 3
 1. The district court granted summary judgment against appellants because it determined that they had failed to exhaust their administrative remedies. We do not agree that summary judgment on that ground was proper. We do agree that appellants failed to use the administrative appeals process which was available to them. See 49 C.F.R. Sec. 107.325. However, "an appeal to 'superior agency authority' is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." Darby v. Cisneros, --- U.S. ----, 113 S.Ct. 2539, 2548, 125 L.Ed.2d 113 (1993); see also Clouser v. Espy, 42 F.3d 1522, 1532 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 2577, 132 L.Ed.2d 827 (1995).
 
 
 4
 The HMTA does not expressly require exhaustion. Neither do the regulations require that there be an appeal before court review can be undertaken. Therefore, appellants' defense cannot be precluded for failure to exhaust the administrative appeal process.
 
 
 5
 2. Nevertheless, the government also sought summary judgment on the merits, and we may affirm "on any basis supported by the record." Plaine v. McCabe, 797 F.2d 713, 722 (9th Cir.1986).
 
 
 6
 When the government sues to collect a penalty, it subjects the administrative action to review under the Administrative Procedures Act. See 5 U.S.C. Sec. 706. If put to the test, the government must provide evidence to demonstrate that the penalty was "supported by substantial evidence in the record and [that] the assessment [was] neither arbitrary nor capricious." United States v. Healy Tibbitts Constr. Co., 713 F.2d 1469, 1475 (9th Cir.1983); see also NL Indus., Inc. v. Department of Transp., 901 F.2d 141, 144 (D.C.Cir.1990); cf. Olenhouse v. Commodity Credit Corp, 42 F.3d 1560, 1573-76 (10th Cir.1994). In conducting its review the district court is required to "review the whole record or those parts of it cited by a party...." 5 U.S.C. Sec. 706. The government did come forward with a copy of the Department of Transportation's informal administrative decision, with the notice of proposed violations, with a copy of Accuracy Systems, Inc.'s statement of income for seven months, and with declarations that showed that the proper procedures had been followed. The administrative decision was comprehensive. Appellants did not submit any other parts of the administrative record, nor did they submit any affidavits to support their various assertions of lies, forgeries, and confusion. Upon the record before the district court, summary judgment was appropriate.
 
 
 7
 Therefore, although the district court's conclusion that appellants were barred from raising their asserted defenses because they had not exhausted their administrative remedies was incorrect, the court did not err when it granted the government's motion for summary judgment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3